TORRES ET AL., RECURRENTE, *v.* EL REGISTRADOR DE GUAYAMA, RECURRIDO.

Recurso gubernativo interpuesto contra nota del Registrador de la Propiedad de Guayama denegando la inscripción de un expediente posesorio.

No. 457.—Resuelto en febrero 16, 1920.

EXPEDIENTES POSESORIOS—CORTES—JURISDICCIÓN DE.—Cuando los bienes objeto de la información posesoria radican en pueblo o término donde no reside la corte de distrito, es potestativo de los interesados el promover la información ante la corte municipal del municipio en que están situados los bienes o ante la corte de distrito del distrito judicial a que corresponda aquella. Ambas cortes tienen jurisdicción concurrente.

ID.—TESTIGOS EN LA INFORMACIÓN POSESORIA.—Está bien fundada la negativa de un registrador a inscribir un expediente posesorio en que los testigos que declararon en la información no eran vecinos propietarios del término municipal en que los bienes radicaban.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. C. Domínguez Rubio.*

El registrador recurrido, Sr. F. Socorro, no compareció.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Florencio Torres y Dámaso Caraballo iniciaron en la Corte de Distrito de Guayama un expediente para acreditar la posesión en concepto de dueños de una finca rústica situada en Patillas. El expediente se tramitó siguiendo el procedimiento marcado en la Ley Hipotecaria, y finalmente la corte declaró

justificada la posesión y ordenó que fuera inscrita en el Registro de la Propiedad del Distrito. Presentádole el expediente original, el registrador se negó a inscribirlo porque "ha sido tramitado en la Corte de Distrito de esta ciudad en vez de serlo en la Corte Municipal de Patillas que es la que tiene competencia para ello en este caso; y porque los testigos don Luis Texidor y don Antero Aponte que declaran en la información no tienen la condición de vecinos de Patillas ni la de propietario de ese municipio el Sr. Aponte."

1. En cuanto al primer motivo de su negativa, no tiene razón el registrador. Según el artículo 390 de la Ley Hipotecaria, los expedientes posesorios, como regla general, se tramitan ante el juez de primera instancia, hoy el juez de distrito, del lugar en que estén situados los bienes, y "si los bienes estuvieren situados en pueblo o término donde no reside el juzgado de primera instancia del partido, podrá hacerse dicha información ante el juez municipal respectivo." Era, pues, potestativo, en los interesados, en un caso como el presente, el acudir a la corte de distrito o a la corte municipal. Ambas cortes tenían jurisdicción concurrente. Véase la opinión de Galindo emitida en igual sentido en el tomo 4, página 613, de la cuarta edición de su "Legislación Hipotecaria."

2. El segundo motivo está bien fundado. Exige la ley que la información se practique "con dos o más testigos, vecinos propietarios del pueblo o término municipal en que estuvieren situados los bienes." Y en este caso, del expediente original resulta que de los dos testigos que declararon uno no dijo de donde era vecino y el otro expresó que lo era de Guayama, o sea de un municipio distinto de aquel en que los bienes radican. Véase Galindo, Legislación Hipotecaria, tomo 4, página 605, y las resoluciones de 13 de marzo de 1897 del Ministerio de Ultramar y 13 de julio de 1863 de la Dirección General de los Registros, que cita. En la última se declaró que no son inscribibles los expedientes

en que intervienen testigos que ni son vecinos ni propietarios del pueblo en que radican las fincas, aunque se alegue que el propietario carece de relaciones en aquel pueblo, entendiéndose por tal el conjunto de vecinos sujetos a un mismo Ayuntamiento. (R. O. de 26 de abril de 1867.) El concepto fundamental de pueblo o municipio no ha variado de acuerdo con la legislación actualmente en vigor en esta Isla.

El caso de *Ramos v. El Registrador,* 18 D. P. R. 16, que invoca el recurrente no sostiene sus pretensiones. Allí los testigos declararon sobre su condición de vecinos y propietarios y la corte apreció que tenían los requisitos exigidos por la ley, y este tribunal basándose en la R. de la D. G. de los R. de España de 8 de marzo 1892, estableció la siguiente doctrina: ''Constando de un expediente posesorio que los testigos declaran bajo juramento sobre su vecindad y condición de propietarios y que el juez apreció que tales condiciones exigidas por la ley se habían justificado debidamente, tal apreciación debe ser aceptada por el registrador.'' Pero aquí no hay lugar a apreciaciones. Uno de los testigos, como hemos dicho, nada declaró con respecto a su vecindad, y el otro de modo terminante afirmó que era vecino de otro pueblo. Faltó, pues, uno de los requisitos previos exigidos por la ley y en tal virtud estuvo justificado el registrador al negarse a inscribir una información posesoria ineficaz en derecho.

En cuanto a la condición de propietarios, uno de los testigos declaró que lo era en Patillas, municipalidad en donde radica la finca. El otro afirmó también que lo era, pero sin especificar en dónde. Luego se le preguntó si tenía propiedades en ''Carite''. Contestó que tenía, pero que las había vendido. No fué, pues, su declaración todo lo precisa que debió ser ya que no mostró concretamente que fuera propietario en Patillas, como exige la ley.

Habiendo en consideración todo lo expuesto, opinamos que la negativa del registrador a inscribir el expediente poseso-

rio de que se trata, debe confirmarse por el segundo de sus fundamentos.

> *Confirmada la nota recurrida por el segundo de los motivos de la negativa.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.